IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Terrell Rhodes Montgomery,                    ) | C/A  2:11-0630-HFF-BM |
| )  | |
| Plaintiff,         ) | |
| ) | |
| v.                                                      ) | |
| ) | **REPORT AND RECOMMENDATION** |
| City of Charleston Police Department  ) | |
| and Officer Seay,                                ) | |
| ) | |
| Defendants.    ) | |
| _____)  | |

This action has been filed by the Plaintiff, pro se, asserting claims (presumably) for false imprisonment and malicious prosecution. The Defendants have filed a motion to dismiss pursuant to Rules 8(a) and 12, Fed.R.Civ.P.

As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on May 2, 2011, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff therefore filed a response in opposition, with attached exhibits, on June 3, 2011. Defendants' motion is now before the Court for disposition.[1]

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local
(continued...)

1



## I.

In their motion, the Defendant City of Charleston Police Department seeks dismissal of any claims asserted against it because a municipal entity may be sued under § 1983 (the only jurisdictional basis for Plaintiff's claim in this Court) only if the violations alleged in the Complaint are pursuant to a policy or custom of that local governmental entity. See <u>Monell v. Department of Social Services,</u> 436 U.S. 658, 690 (1978)[Municipal governments may not be sued for acts of their employees unless the employee was carrying out a policy or custom of the municipal government]. Defendants point out in their motion that Plaintiff was arrested by the Defendant Seay, and that it was Seay who made the decision to file charges and book him into the county jail. The only allegations relating to the Defendant City of Charleston Police Department concern a hold that was placed on the Plaintiff due to purported warrants out of Kershaw County. Plaintiff goes on to acknowledge, however, that this "hold" was lifted after it was confirmed there were no warrants pending from Kershaw County, and that he was then released on bond. Further, in his response to Defendants' motion, Plaintiff discusses Seay's conduct during and after his arrest, but makes no argument with respect to the Police Department other than to again point out that a temporary hold was placed on his release until an issue could be resolved regarding a Kershaw County warrant.

The undersigned agrees with the Defendants that Plaintiff has failed to state a claim against the City of Charleston Police Department for false arrest or malicious prosecution based on these allegations, and that this Defendant is therefore entitled to dismissal even if this case is to

---

[1](...continued)
Rule 73.02(B)(2)(g), D.S.C. The Defendants have filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2



otherwise proceed against the Defendant Seay. Cf. Gold v. Saint Matthews Police Department, No. 07-1501, 2007 WL 2110475, at * 3 (D.S.C. July 17, 2007)[Dismissing claim against police department where allegations failed to allege a policy or custom that deprived the Plaintiff of a federal right]; Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)[While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, factual allegations must be enough to raise a right to relief above the speculative level].

## II.

Defendants also seek dismissal of the entire case because Plaintiff's complaint fails to set forth a jurisdictional basis for his claims. When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). As the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard, and after a careful review and consideration of the allegations of Plaintiff's Complaint pursuant to the cited standards, the undersigned finds and concludes that the Defendants' motion for dismissal on jurisdictional grounds should be denied.

Plaintiff alleges in his Complaint that on June 8, 2008 he was arrested by the Defendant Seay along with three other individuals, that two of these other individuals admitted to



3

possession of drugs found, but that Seay "falsely" also accused Plaintiff of having a controlled substance despite these admissions, stating that all "y'all black mother fxxxers do is lie, and I am locking all y'all axx up." Plaintiff further alleges that Seay refused to acknowledge that the other individuals had taken responsibility for possession of the drugs, and booked him into the County jail, and that "years later the charges was discharged off the Plaintiff."

Giving Plaintiff's Complaint the liberal construction to which he is entitled, these allegations are sufficient to allege a claim prosecutable in federal court for malicious prosecution and false imprisonment. One of the elements for a claim of false arrest or imprisonment is that the restraint was unlawful, while a malicious prosecution claim requires a termination of the charges in Plaintiff's favor. Brown v. Gilmore, 278 F.3d 362, 368 (4th Cir. 2002)["To prove an absence of probable cause, [a plaintiff] must allege a set of facts which made it unjustifiable for a reasonable officer to conclude that [he] was violating [the law]"; Lambert v. Williams, 223 F.3d 257, 260-261 (4th Cir. 2000) [claim for malicious prosecution requires a showing that the initiation or maintenance of a proceeding against the plaintiff was without probable cause to support it and a termination thereof occurred in favor of the plaintiff], cert. denied, 531 U.S. 1130 (2001). Plaintiff alleges that he was seized pursuant to legal process that was not supported by probable cause and that the criminal proceedings terminated in his favor. See generally, Miller v. Prince George's County, 457 F.3d 621 (4th Cir. 2007), quoting Brooks v. City of Winston-Salem, 85 F.3d 178, 183 (4th Cir. 1996); see also Wallace v. Kato, 549 U.S. 384 (2007); Heck v. Humphrey, 512 U.S. 477 (1994).

Plaintiff's case should not therefore be dismissed at this time for failure to set forth a jurisdictional basis for a federal claim. Ashcroft, 129 S.Ct. at 1949 [Rule 12 motion can be granted

4



only if Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face"]; Rule 8, Fed.R.Civ.P. [stating that a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."]; cf. Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002)["[W]hen [dismissal for failure to state a claim] involves a civil rights complaint, 'we must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged'"], citing Harrison v. United Postal Service, 840 F.2d 1149, 1152 (4th Cir. 1988).

## Conclusion

Based on the foregoing, it is recommended that the Defendant City of Charleston Police Department be **dismissed** as a party Defendant in this case. It is further recommended that the Defendants' motion to dismiss otherwise be **denied**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 8, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).