IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Terrell Rhodes Montgomery,<br><br>                 Plaintiff,<br><br>v.<br><br>Officer Seay, CCPD,<br><br>                 Defendant. | Civil Action No. 2:11-cv-00630-TMC-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

The Plaintiff, proceeding *pro se*, brought this action pursuant to Title 42, United States Code, Section 1983. This matter is before the Court upon Defendant's Motion for Summary Judgment. (Dkt. No. 41.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

The Plaintiff brought this action on or about March 12, 2011. (See Dkt. No. 1.) Defendant Officer Seay filed the instant Motion for Summary Judgment on November 3, 2011. (See Dkt. No. 41.)[1] By order filed November 8, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 42.) Plaintiff filed a Response to this motion on or about December 1, 2011. (See Dkt. No. 44.)

**PROCEDURAL FACTS**

---

[1] While the City of Charleston Police Department was originally listed as a Defendant, this Defendant was dismissed on October 19, 2011. (See Dkt. No. 37.) The only remaining Defendant is therefore Defendant Officer Seay, CCPD.

Plaintiff, who currently resides at the Charleston County Detention Center, indicates in his Complaint that he brings the instant action for "false arrest, false imprisonment, [and] stereotyp[ing]." (Dkt. No. 1 at 2 of 5.) Plaintiff alleges that on June 8, 2008 he was arrested by Defendant Seay along with three other individuals, and that two of these other individuals admitted to possession of drugs found, but that Seay "falsely" also accused Plaintiff of having a controlled substance despite these admissions, stating that all "y'all black mother fxxxers do is lie, and I am locking all y'all axx up." (Id. at 3.) According to Plaintiff, he "tried to plead with . . . [Officer Seay] about the fact that the confession was made by his co-defendants on the charges," but Officer Seay "refused to acknowledge the Plaintiff and booked him in the county jail under Warrants K-350082, K-350083, K-350084 and K-350085." (Id.)

Plaintiff also alleges that after he posted bond but was not released, he inquired of an Officer Canteen as to why he was not released; Officer Canteen allegedly told Plaintiff that the City of Charleston Police Department "had put a hold on [Plaintiff] for the unlawful possession of a pistol, which came from Kershaw County." (Id.) Plaintiff states, "The hold was made out like Kershaw Police Department had issue[d] the warrant," but upon inquiring with the Kershaw County Police Department, Plaintiff learned the Kershaw Police Department "did not issue the warrant or put a hold on the Plaintiff." (Id. at 3-4.) Plaintiff alleges that the "Charleston County Jail traced the warrant back to the one who issue[d] it," and "[t]he evidence pointed back to the City of Charleston Police Department." (Id. at 4.) Plaintiff contends that "[t]hey" were "forced to lift the false charge and the Plaintiff was then released out on bond" and that "years later," the charges were "discharged." (Id.)

Plaintiff alleges that as a result of his arrest, he "lost a lot of personal things such as car, money, home etc," and "fell into a financial debt" as a result of the "high bond of the Plaintiff and the helping out on the bonds of his co-defendants." (Id. at 4.) Plaintiff states that

he seeks an award of $600,000 from Officer Seay as well as $650,000 from the City of Charleston Police Department. (Id. at 5.)

## **APPLICABLE LAW**

**Summary Judgment Motion Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## **DISCUSSION**

As noted above, Defendant has filed a Motion for Summary Judgment, and Plaintiff filed a Response in Opposition. The undersigned will address the claims in turn.

**A.     False Arrest**

Defendant contends he is entitled to summary judgment on Plaintiff's claim for false arrest because probable cause existed for Plaintiff's arrest. (See Mem. in Supp. at 2.) It is undisputed that Defendant Seay did not have a warrant at the time he arrested Plaintiff. (See id. at 3; see also Seay Aff. ¶¶ 16-17.)

Section 1983 actions premised on alleged false arrest and/or false imprisonment claims are analyzed as unreasonable seizures under the Fourth Amendment. See, e. g., Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir.2002) (recognizing that a plaintiff alleging a § 1983 false arrest claim needs to show that the officer decided to arrest him without probable cause to establish an unreasonable seizure under the Fourth Amendment); Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir.2001) (claims of false arrest and false imprisonment "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment"). The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. "In conformity with the rule at common law, a warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." Devenpeck v. Alford, 543 U.S. 146, 152 (2004) (citations omitted). "[W]hether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." Id. (citing Maryland v. Pringle, 540 U.S. 366, 371 (2003)); Gerstein v. Pugh, 420 U.S. 103, 113-14 (1975) ("[A] policeman's on-the-scene assessment of probable cause provides legal justification for arresting a person suspected of crime, and for a brief period of detention to take the administrative steps incident to arrest."); see also Cloaninger ex rel. Estate of Cloaninger v. McDevitt, 555 F.3d 324, 334 (4th Cir.2009) ("[P]robable cause exists 'where the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [defendant] had committed or was committing an offense.'" (quoting Beck v. Ohio, 379 U.S. 89, 91 (1964))).

Defendant filed his Affidavit with his Motion for Summary Judgment. (See Dkt. No. 41-2.) In his Affidavit, Defendant states that on June 7, 2008, at approximately 11:00 P.M.,

he initiated a traffic stop of Plaintiff's vehicle for an illegal lane change. (Seay Aff. ¶ 3.) According to Seay, the stop occurred in an area of Charleston, South Carolina "known for high narcotic trafficking and weapons violations." (Id. ¶ 4.) Seay further states in his Affidavit,

> 5. At the time I initiated the traffic stop, there were four (4) individuals travelling [sic] in Mr. Montgomery's vehicle. Upon approaching the vehicle, I noticed the front seat passenger sweating profusely and breathing heavily.
>
> 6. As a result of the passenger's actions and to ensure my safety, all individuals were removed from the vehicle.
>
> 7. After removing the individuals from the vehicle, I conducted routine Terry pat downs of the individuals. During the pat downs, I discovered that two of the individuals possessed weapons.

(Id. ¶¶ 5-7.) According to Seay, after the pat downs, Plaintiff gave him permission to search the vehicle, during which Seay located a pistol between the center console and the front passenger seat, as well as a Smith and Wesson .357 pistol (Serial No. ANE 7862) (hereinafter ".357 pistol") in the center console. (Id. ¶¶ 8-10.) Seay states in his Affidavit that he found a "black and red bag on the floorboard in front of the rear passenger seat containing 9.1 grams of cocaine base, 8 grams of cocaine, 5.6 grams of marijuana, a weight scale and several plastic bags." (Id. ¶ 11.) Seay also states that he found $1,111.00 in United States Currency hidden in a console under the dashboard. (Id. ¶ 12.)

According to Seay, while several individuals other than Plaintiff claimed ownership for some of the firearms in the vehicle, "[n]obody claimed ownership of the .357 pistol found in the center console or the red and black bag containing narcotics." (Id. ¶¶ 13-14.) Seay indicates that he ran the serial number of each firearm recovered through the NCIS Database, and the .357 pistol "was reported through the Kershaw County Sheriff's Office (Case No. 010200784)." (Id. ¶ 15.) Seay's Affidavit also states,

5

> 16. Based on my personal observations, the fact that nobody claimed ownership of the .357 pistol or the red and black bag containing narcotics, and the fact that [Plaintiff] . . . was the owner and driver of the vehicle and had the right to exercise dominion and control over these items, I believed in my professional opinion that probable cause existed for [Plaintiff's] arrest.
>
> 17. Ultimately, [I] arrested [Plaintiff] for Possession with Intent to Distribute Cocaine Base (S.C. Code Ann. § 44-53-375), Possession with Intent to Distribute Cocaine Base in Close Proximity to a School (S.C. Code Ann. § 44-53-445), Possession with Intent to Distribute Cocaine (S.C. Code Ann. § 44-53-370), Possession with Intent to Distribute Marijuana (S.C. Code Ann. § 44-53-370), and Possession of a Stolen Pistol (S.C. Code Ann. § 16-23-30).

(Id. ¶¶ 16-17.)

Defendant also presented evidence that, in October of 2008, a grand jury indicted Plaintiff on the following charges: (a) Unlawful Possession of a Pistol (Dkt. No. 41-3); (b) Possession with Intent to Distribute Cocaine Base (Dkt. No. 41-4); (c) Possession with Intent to Distribute Cocaine Base Within Proximity of a School (Dkt. No. 41-5); (d) Possession with Intent to Distribute Cocaine (Dkt. No. 41-6); and (e) Possession with Intent to Distribute Marijuana (Dkt. No. 41-7). In addition, Beverly Brevard, an employee of the Kershaw County Sheriff's Office in the warrants division, states in her Affidavit that on February 26, 2001, "a gentleman named David Simmons called the Kershaw County 911 Dispatch to report that his pistol had been stolen." (Brevard Aff. ¶¶ 1, 5.) According to Ms. Brevard, a case number ending in "784" was assigned to the incident regarding the stolen pistol, and the information was entered into the National Crime Information Center database. (Id. ¶¶ 6-7.) Ms. Brevard indicates that a "stolen firearm entry in the NCIC database remains in the database until the firearm is recovered by law enforcement." (Id. ¶ 8.)

In his Response in Opposition, Plaintiff contends that Officer Seay "knowingly" violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights. (See Dkt. No. 44 at 1 of 3.) Plaintiff does not directly dispute that the traffic stop was for an illegal lane change;

instead, Plaintiff states that "[i]f this allegation was true an illegal lane change does not constitute or require the accused to be arrest[ed] if no harm was done or the accused had a valid S.C. driver's license, which the Plaintiff . . . did have." (Id.) Plaintiff states that Seay arrested him "[e]ven after the confession of one of the subject[s] for all the items that w[ere] found in the Plaintiff's vehicle." (Id. at 3.) Plaintiff further asserts that he contacted the Kershaw County Sheriff's Office and that "[t]hey only confirmed that they put a[] hold on the pistol for its save [sic] return back to their department." (Id. at 2.) Finally, Plaintiff states that "Officer Seay never received or asked the Plaintiff for consent to search." (Dkt. No. 44-1 at 2 of 2.)[2]

Despite Plaintiff's contention that he was subjected to a false arrest, it is undisputed that Plaintiff was indicted by a grand jury for four offenses arising out of the at-issue traffic stop: (a) Unlawful Possession of a Pistol (Dkt. No. 41-3); (b) Possession with Intent to Distribute Cocaine Base (Dkt. No. 41-4); (c) Possession with Intent to Distribute Cocaine Base Within Proximity of a School (Dkt. No. 41-5); (d) Possession with Intent to Distribute Cocaine (Dkt. No. 41-6); and (e) Possession with Intent to Distribute Marijuana (Dkt. No. 41-7). Even assuming an individual at the scene claimed the property in Plaintiff's vehicle, Plaintiff's claim for false arrest fails because "[a] grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983." Provet v. South Carolina, No. 6:07–1094–GRAWMC, 2007 WL

---

[2]Plaintiff states in his Response that while he "does have witnesses who [will] respectfully [be] submitting affidavits to back up his claims/complaint," he does not have them at the time he filed his Response because he was unexpectedly moved to another facility–and then back to the Charleston County Detention Center–which caused him to "lose (2) two weeks in preparing this motion and noti[fying] his witnesses." (Dkt. No. 44 at 2 of 3.) Plaintiff "respectfully request[s]" an additional two weeks "to give his witnesses time to mail in their affidavits." (Id.)

Plaintiff filed his Response on or about December 1, 2011. (See Dkt. No. 44.) As of the date of this Report and Recommendation, Plaintiff has not filed any affidavits or other supplemental response.

7

1847849, at *5 (D.S.C. June 25, 2007) (citing Gatter v. Zappile, 67 F.Supp.2d 515, 519 (E.D.Pa.1999), aff'd 225 F.3d 648 (3d Cir.2000); see also Ex parte United States, 287 U.S. 241, 250 (1932) ("It reasonably cannot be doubted that, in the court to which the indictment is returned, the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer."); United States v. Soriano–Jarquin, 492 F.3d 495, 502 (4th Cir.2007) (noting probable cause may be satisfied by a grand jury indictment); United States ex rel. Haim v. Mathues, 19 F.2d 22, 23 (3d Cir.1927) ("The indictment is itself evidence that there was probable cause ...."); White v. Coleman, 277 F. Supp. 292, 297 (D.S.C. 1967) ("[W]here the grand jury have returned a true bill upon the charge made, such finding amounts to a judicial recognition that probable cause does exist ... and infers prima facie probable cause for the prosecution." (citation omitted)). The undersigned therefore recommends granting Seay's Motion for Summary Judgment with respect to Plaintiff's claim for false arrest.

**B.    False Imprisonment**

Plaintiff also brings a claim for false imprisonment against Officer Seay. Like the claim for false arrest, a § 1983 claim for false imprisonment is analyzed as an unreasonable seizure under the Fourth Amendment. See Rogers v. Pendleton, 249 F.3d at 294. "The Fourth Amendment is not violated by an arrest based on probable cause . . . . " Graham v. Connor, 490 U.S. 386, 396 (1989).

As noted above, Plaintiff was indicted by a grand jury on the five charges at issue in the instant case. It is undisputed that (a) Seay located a pistol between the center console and the front passenger seat; (b) Seay located the .357 pistol in the center console; (c) Seay found a bag in the floorboard in front of the rear passenger seat containing cocaine base, cocaine, marijuana, a weight scale, and several bags; and (d) Seay found $1,111 in United States currency in a console under the dashboard. It is also undisputed that Plaintiff

8

was both the owner and the driver of the vehicle. Even if passengers in the vehicle claimed ownership of the items, it is undisputed that Plaintiff was both the owner and driver of the vehicle. "[P]robable cause exists 'where the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [defendant] had committed or was committing an offense.'" Cloaninger ex rel. Estate of Cloaninger v. McDevitt, 555 F.3d 324, 334 (4th Cir.2009) (quoting Beck v. Ohio, 379 U.S. 89, 91 (1964)). Here, the facts and circumstances within Officer Seay's knowledge were sufficient to warrant a prudent man in believing Plaintiff constructively possessed the .357 pistol and the drugs. See United States v. Harris, 46 F.3d 1127, at *2 (4th Cir. 1995) (unpublished table decision) ("One who owns or exercises control over a motor vehicle in which contraband is concealed may be deemed to possess the contraband." (quoting United States v. Hernandez-Palacios, 838 F.2d 1346, 1349 (5th Cir. 1988))); id. ("Drivers generally have dominion and control over the vehicles that they drive." (citing United States v. Lochan, 674 F.2d 960, 966 (1st Cir. 1982))); see also United States v. Crews, 9 F.3d 1544, at *1 (4th Cir. 1993) (unpublished table decision) (rejecting argument that evidence was insufficient to show possession of a firearm, stating, "Crews was the driver of the car; as such, he clearly had dominion and control over the vehicle. Further, the shotgun, which was not properly registered, was well within his reach, its grip was pointing toward him, and the shotgun protruded from under the passenger floor mat."); State v. Bultron, 318 S.C. 323, 334, 457 S.E.2d 616, 622 (Ct. App. 1995) ("[P]roof of constructive possession requires a showing that the accused had knowledge of and dominion or control over either the drugs or the premises upon which the drugs were found."); State v. Halyard, 274 S.C. 397, 400, 264 S.E.2d 841, 842 (1980) ("More than one person may possess the same personal property simultaneously."). In light of the above, Plaintiff's claim for false imprisonment fails.

**C.    Qualified Immunity**

Defendant Seay has also moved for summary judgment on the grounds of qualified immunity. The undersigned recommends concluding that Seay is entitled to qualified immunity. The doctrine of qualified immunity protects governmental officials performing discretionary functions from liability for civil damages where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). When an official properly asserts the defense of qualified immunity, the official is entitled to summary judgment if either: (1) the facts, taken in the light most favorable to the plaintiff, do not present the elements necessary to state a violation of a constitutional right; or (2) the right was not clearly established, such that it would not have been clear to a reasonable officer that his conduct was unlawful in the situation he confronted. Pearson v. Callahan, 555 U.S. 223, 231-32 (2009).

Even if Seay violated Plaintiff's constitutional rights, Seay is entitled to qualified immunity because it would not have been clear–in light of the case law on constructive possession–to a reasonable officer that his conduct was unlawful. See Maciariello v. Sumner, 973 F.2d 295, 298 (4th Cir. 1992) ("Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines."). The undersigned therefore recommends granting summary judgment to Defendant on the ground that he is entitled to qualified immunity.

**D.    Other Claims**

Plaintiff lists a claim for "stereotyping" in his Complaint. There is no such cause of action. To the extent Plaintiff attempts to assert a claim for racial harassment, the claim fails, as "merely conclusory allegations of racial discrimination are insufficient to state a claim." Ware v. Pruitt, No. 1:09-2360-MBS-JRM, 2011 WL 704589, at *3 (D.S.C. Jan. 24, 2011)

(adopted at 2011 WL 703666 (Feb. 22, 2011) (citing Chapman v. Reynolds, 378 F. Supp. 1137 (W.D. Va. 1974)); cf. Causey v. Balog, 162 F.3d 795, 802 (4th Cir. 1998) ("[C]onclusory statements, without specific evidentiary support, cannot support an actionable claim for harassment.").

Finally, since it is unclear from Plaintiff's Complaint whether he attempts to assert a claim for deprivation of personal property, the undersigned will briefly address such a claim. A forfeiture action was filed in the Court of Pleas of Charleston County on July 11, 2008. (See Dkt. No. 41-14.) The items at issue in that forfeiture action included, *inter alia*, one 1993 Mazda van and $1,111.00 in United States Currency. (Id.) Although Plaintiff was served with a copy of the Summons and Complaint in that forfeiture action, he did not appear or file any responsive pleading. (See Dkt. No. 41-15.) Accordingly, in an Order filed September 2, 2008, default judgment was entered, and the Mazda van and currency was forfeited to the City of Charleston Police Department. (Id.)

As a preliminary matter, the instant lawsuit is against Officer Seay. Aside from Seay's involvement as described above in the false arrest and false imprisonment claims, it is unclear what involvement–if any–Seay had in the forfeiture action. In a § 1983 action, "liability is personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). Moreover, this claim appears to be barred by the Rooker-Feldman doctrine. See Dukes v. Stone, No. 3:08-CV-505-PMD-JRM, 2009 WL 398079, at *4 (D.S.C. Feb. 17, 2009) (concluding the plaintiff's claims related to a default judgment of forfeiture in state court were barred by the Rooker-Feldman doctrine); see also Davani v. Va. Dep't of Transp., 434 F.3d 712, 713 (4th Cir. 2006) (noting that Exxon Mobile Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005), "teaches . . . that the Rooker-Feldman doctrine applies only when the loser in state court files suit in federal district court

seeking redress for an injury allegedly caused by the state court's decision itself"). Accordingly, the undersigned recommends granting summary judgment on this claim.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that Defendant Seay's Motion for Summary Judgment (Dkt. No. 41) be GRANTED. Furthermore, to the extent Plaintiff's Complaint contains causes of action pursuant to state law, it is further RECOMMENDED that those claims be DISMISSED pursuant to 28 U.S.C. § 1367(c).

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks<br>
United States Magistrate Judge

March 16, 2012
Charleston, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).